UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

REGINALD JONES,
　　　　　*Defendant-Appellant.*

No. 03-4561

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-02-110-FO)

Submitted: February 11, 2004

Decided: March 15, 2004

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Jones appeals from the 137-month sentence imposed by the district court following his guilty plea to bank robbery, 18 U.S.C. § 2113(a) (2000). He contends that, although he waived his right to appeal his sentence, the district court's upward departure from the sentencing range is excepted from this waiver.

In his written plea agreement, Jones waived his right to appeal "whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742." However, during the plea hearing pursuant to Fed. R. Crim. P. 11, the district court mistakenly informed Jones that he had "reserve[d] only the right to appeal from an upward departure from the sentencing guidelines established at sentencing." Jones agreed with this statement. Under these circumstances, we find that Jones' waiver of his right to appeal is ineffective as to his right to appeal from an upward departure. *See United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991).

However, Jones does not raise any challenge to the upward departure. He cites to no errors in the sentencing proceeding, does not challenge the district court's methodology or reasons for departing or the extent of the departure, and does not in any way challenge the validity of the 137-month sentence imposed. By failing to raise any issues for review, Jones has waived review of his sentence. *See* Fed. R. App. P. 28(a)(6); *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned).

Moreover, we find that Jones' sentence was appropriate. An upward departure is encouraged when the sentencing court concludes that the defendant's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." *U.S. Sentencing Guidelines Manual*, § 4A1.3, p.s. (2002); *see United States v. Bellamy*, 264 F.3d 448, 456 (4th Cir. 2001), *cert. denied*, 534 U.S. 1143 (2002).

Here, the district court found that the seriousness of Jones' criminal history and his likelihood of recidivism were under-represented by criminal history category VI. Noting the "extended nature of [Jones'] criminal history," the court properly moved "incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it [found] a guideline range appropriate to the case." USSG § 4A1.3. The sentencing court considered and found that each of the guideline ranges below offense level 25 were not appropriate for Jones' case.

We find that the district court has complied with the requirement that the sentencing court state the reasons for departure with specificity in the written order of judgment and commitment. We also find that the district court's departure was based on permissible grounds. *See* 18 U.S.C.A. § 3742(e); USSG § 4A1.3. Additionally, we find no abuse of discretion in the district court's determination of the degree of departure. 18 U.S.C.A. § 3742(e); *United States v. Gonzales-Ortega*, 346 F.3d 800, 804 (8th Cir. 2003) (reviewing extent of departure under § 4A1.3 for abuse of discretion).

Accordingly, we affirm Jones' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*